UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-cv-10697-RGS

TRACY HUNT

v.

COVIDIEN LP, COVIDIEN SALES LLC,
COVIDIEN HOLDING INC., and MEDTRONIC, INC.

MEMORANDUM AND ORDER ON
COVIDIEN'S MOTION TO ENFORCE PROTECTIVE ORDER
AND FOR SANCTIONS

September 29, 2025

STEARNS, D.J.

On August 10, 2023, the court issued a stipulated protective order limiting access to and use of confidential information disclosed during the case. Stipulated Protective Order (Protective Order) [Dkt # 72]. The case was dismissed on June 21, 2024, after the parties reached a settlement agreement. Settlement Order of Dismissal [Dkt #148]. Defendants Covidien LP, Covidien Sales LLC, Covidien Inc., and Medtronic, Inc. (collectively, Covidien), now allege that counsel for plaintiff Tracy Hunt (Hunt) deliberately violated the Protective Order. Def.'s Mem. [Dkt #150] at 1-2. Hunt both denies violating the Protective Order and states that, if any such violations inadvertently occurred, they were the result of a misunderstanding

of the language of the Protective Order and not undertaken in bad faith. Pl.'s Resp. [Dkt #151] at 1.

Covidien asks the court to enforce the Protective Order, require Hunt to pay the attorneys' fees and costs associated with Covidien's motion, and order Hunt to pay any additional sanctions that the court deems proper to impose. Def.'s Mem. at 2-3. For the following reasons, the court will allow in part and deny in part Covidien's motion.

## BACKGROUND

Covidien alleges that Hunt's counsel violated three provisions of the Protective Order. The first is a provision stating that any confidential information disclosed during the case can be used "solely in connection with this action." Protective Order ¶ 3. The second is a provision limiting attorney access to confidential information to those attorneys "who require access for the purpose of representing any party" in the instant case. *Id.* ¶ 4. The final provision at issue is a requirement that confidential information – with the exception of certain "archival copies" – be returned or destroyed following the settlement of the case. *Id.* ¶ 11.

On June 2, 2025, Charles P. Stern (Stern), an attorney at Nachawati Law Group, sent Covidien's counsel an email (the Covidien email) that included documents from the *Hunt* case. *See* Def.'s Mem., Ex. 2; *see also* Pl.'s

Resp. at 4. Covidien alleges, and Hunt does not dispute, that these documents were confidential. *See* Def.'s Mem. at 4. Hunt's attorneys of record in the case included attorneys from Nachawati Law Group but did not include Stern. However, Stern "was heavily involved in trial preparation before this [Hunt's] case settled." Pl.'s Sur-Reply [Dkt #156] at 2.[1]

As part of his work at Nachawati Law Group, Stern represented clients in related cases against Medtronic, including two cases that are referred to in Hunt's response as the *Adams* and *Sierra* cases. Pl.'s Resp at 4. The *Hunt, Adams,* and *Sierra* cases all involved claims regarding Medtronic staplers. *Id.* In the Covidien email at issue, Stern requested information related to the testing of staples in the *Adams* case while referring to and attaching confidential documents from the *Hunt* case.[2] *See* Def.'s Mem., Ex. 2.

---

[1] This key fact – that Stern was involved in the *Hunt* case – was included only as a footnote in Hunt's sur-reply, Pl.'s Sur-Reply at 2, and was not mentioned in Hunt's initial response to Covidien's motion. In addition, Covidien appears to be unaware of this fact, alleging that Stern did not "have access to Covidien's Confidential Information while this case was pending." Def.'s Mem. at 4. The court proceeds under the assumption that this fact is accurate.

[2] The court assumes that the documents attached to the email are confidential material from the *Hunt* case, but the court was not provided a copy of the attachments and therefore has not reviewed them. The court bases this assumption off Covidien's characterization of the documents, *see* Def.'s Mem at 6, and the court's review of a copy of the text of the email (without the attachments), *see* Def.'s Mem., Ex. 2.

3

Specifically, in his email to Covidien's counsel, Stern inquired about "the whereabouts of the pictures of the lot testing of the staples in Adams," and stated that "[w]e have seen such pictures in other cases (attached)." *Id.*

Prior to sending the Covidien email, Stern reviewed the confidential documents at issue because he planned to depose Marta Villarraga, an expert witness in the *Sierra* case. Pl.'s Resp at 4. Villarraga had also served as an expert witness in the *Hunt* case and included multiple references to the confidential documents in her expert report. *Id.* Following Stern's review of Villarraga's report and her references to the confidential documents, Stern asked Covidien's attorney whether similar documents existed as might be related to the *Adams* case. *Id.* at 5. According to Hunt, the purpose of the email was to "assist [Covidien] . . . with understanding a discovery request." Pl.'s Sur-Reply at 2.

Covidien alleges that these facts establish a violation of the Protective Order and requests various forms of relief in addition to attorneys' fees and costs. Def.'s Mem. at 2-3. These include ordering Hunt to identify the confidential documents retained during the case and to provide sworn affidavits regarding the destruction of these documents. *Id.*[3] In addition,

---

[3] Specifically, Covidien asks that the court enforce the Protective Order by taking the following actions:

4

Covidien asks the court to impose sanctions commensurate with the alleged deliberate violations of the Order. *Id.*[4] By contrast, Hunt disputes Covidien's

---

(1) order Plaintiff to identify every Covidien confidential document Plaintiff's counsel retained from the *Hunt* matter; (2) provide a list of every Covidien confidential document from this matter that was provided to or accessed by any attorney who is not an attorney of record in this matter; (3) identify each attorney who was not an attorney of record in this matter that received, accessed, or reviewed Covidien's confidential documents; (4) identify every person who accessed or reviewed any Covidien confidential document between August 27, 2024 (the day Plaintiff's counsel confirmed in writing they had deleted confidential materials) and present; (5) provide a sworn affidavit from each counsel for Plaintiff in this matter that all Covidien confidential documents from the *Hunt* matter have been destroyed; and (6) provide a sworn affidavit from each of Plaintiff's experts that they have destroyed all Covidien confidential documents.

Def.'s Mem. at 2-3.

[4] Beyond arguing that the facts at issue show Hunt acted in bad faith, Covidien also points to its 2023 allegations that Hunt violated a previous protective order – the court's default protective order – to show bad faith in this case. *See* Def.'s Reply in Supp. of Mot. for Order [Dkt #154] at 1. Specifically, on August 9, 2023, in its motion for the court to enter the stipulated Protective Order, Covidien alleged that Hunt's counsel had "disclos[ed] Medtronic's confidential documents" in violation of the court's default protective order, which preceded the stipulated Protective Order. Def.'s Mem. in Support of Entry of Protective Order [Dkt #70] at 1. As a result, Covidien asked the court to enter the stipulated Protective Order and to order Hunt to provide information about the use of Covidien's confidential documents. The court granted the motion on August 10, 2023, entering the stipulated Protective Order and requiring Hunt to provide the requested information. Dkt #71. On September 20, 2023, Covidien moved to enforce that order, alleging that Hunt "ha[d] not been forthcoming" in answering Covidien's questions. Def.'s Mot to Enforce Ct. Order [Dkt #93]. On September 22, 2023, the court granted Covidien's motion and ordered Hunt to answer the questions posed by Covidien. Dkt #94. While this history

5

interpretation of the Protective Order and argues that the order was not violated in bad faith. *See* Pl.'s Resp at 1.

## DISCUSSION

The first provision of the Protective Order at issue requires that individuals who are provided access to confidential information in the *Hunt* case "shall use such information solely in connection with this action." Order ¶ 3. Under this provision, Stern's use of the documents in preparation for his deposition of Villarraga in the *Sierra* case violated the Protective Order. In addition, to the extent that Stern's review of the documents precipitated his discovery request for the *Adams* case, this use also violated Protective Order. Hunt, for her part, argues that the term "use" would not encompass Stern's activities because the documents were not used for any purpose other than serving as a reference point in the *Adams* and *Sierra* cases. *See* Pl.'s Sur-Reply at 3. However, the Protective Order clearly limits the use of the confidential documents to the *Hunt* case.

The second provision of the Protective Order at issue requires that confidential information disclosed during the *Hunt* case be only accessed by a limited set of attorneys: "attorneys of record and other personnel in their

---

provides useful context, the court does not view it as a meaningful indication of whether bad faith was present in the instant case.

law firm(s) (including other attorneys, paralegals, and other staff personnel) who require access for the purpose of representing any party in this action." Order ¶ 4. This provision does not permit all personnel in the law firms representing Hunt to access confidential information, but it does permit access by personnel involved in Hunt's case. While Stern's employment at Nachawati Law Group, a firm representing Hunt, would not by itself justify his access to the documents, Stern's significant involvement in preparations for a possible trial in the *Hunt* case would do so.[5]

The third provision of the Protective Order requires that "the work product prepared by any such expert consultant witness, or other person derived from . . . Confidential Information shall be destroyed and/or returned to that attorney of record [who provided them]." Order ¶ 11. There is, however, a caveat. The Protective Order permits the retention of archival copies of specific types of confidential information under certain conditions, that is:

> Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, disposition, and hearing transcripts, legal memoranda, correspondences, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even

---

[5] As noted above, the court bases this conclusion on a fact included in a footnote to Hunt's sur-reply. *See* Pl. Sur-Reply at 2. Without this footnote's description of Stern's work on the *Hunt* case, the court would reach a different conclusion as to whether Stern's access to the documents violated the Protective Order.

7

> if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Material remain subject to this Order.

*Id.* This provision of the Protective Order allows for the retention of archival copies of "expert reports," but it encompasses only the contents of the reports and not any confidential documents cited by the expert witness. Therefore, Hunt's counsel violated the Protective Order by retaining copies of the confidential documents Villarraga cited.[6] While Hunt argues that the confidential documents were "incorporate[d]" into Villarraga's report because of Villarraga's significant reliance on them, Pl.'s Resp. at 3, sources referenced by an expert report cannot be deemed part of the report itself.

By way of answering for the violations of the Order, the court will require Hunt's counsel to take the following actions to comply. First, Hunt's counsel at Nachawati Law Group will return or destroy all documents that

---

[6] Notably, Hunt described taking steps to destroy or return confidential documents that Hunt's counsel interpreted as falling outside of the exception for archival copies contained within the Protective Order. Hunt states: "Following the dismissal and pursuant to the Protective Order, Plaintiffs' counsel destroyed material in accordance with the Protective Order and confirmed with retained experts that such material was 'destroyed and/or returned.'" Pl.'s Resp. at 3. In addition, on August 27, 2024, Hunt's counsel sent an email to Covidien's counsel confirming this fact. *See* Def.'s Mem., Ex. 1. However, Hunt's counsel did not view the Protective Order as requiring the destruction of the documents at issue because of its interpretation of the Order's requirements regarding the retention of archival copies. Pl.'s Resp. at 3.

8

were retained from the *Hunt* case in violation of the Order, including the documents at issue (as well as other confidential information cited but not included in the archival copies of documents that the Protective Order permits Hunt's counsel to retain). Second, with respect to archival copies of documents containing confidential information that Hunt's counsel are permitted to retain under the Order, Nachawati Law Group will implement protocols to ensure those documents are protected, both from uses that would violate the Protective Order and from individuals who are not permitted to access them under the Protective Order.

Finally, the court turns to the question of whether Hunt's violation of the protective order occurred in sanctionable bad faith.[7] The court notes that Stern's transparent communication with Covidien's counsel regarding his access to the confidential documents in his email on June 2, 2025, suggests a lack of bad faith. While Hunt's counsel at Nachawati Law Group violated the Protective Order, the court does not deem the violations so egregious as to warrant further sanctions beyond the payment of Covidien's reasonable attorneys' fees and the costs associated with bringing the motion.

## ORDER

---

[7] The Protective Order contains a provision related to relief for violations: "Failure to comply with this Order shall be a basis for monetary sanctions or other appropriate relief." Order ¶ 19.

For the forgoing reasons, the motion is <u>ALLOWED</u> in part and <u>DENIED</u> in part. The court <u>ALLOWS</u> Covidien's motion to enforce the Protective Order and for Hunt to pay Covidien's reasonable attorneys' fees and costs in bringing the motion. The court <u>ORDERS</u> Hunt's counsel to correct its violations of the Protective Order by destroying all confidential documents retained in violation of the order and by implementing use and access restrictions governing the archival copies of any confidential documents that the Protective Order permitted Hunt's counsel to retain. The court requests that Covidien file an affidavit specifying the amount it seeks in reasonable costs and attorneys' fees.

SO ORDERED.

/s/ <u>Richard G. Stearns_____</u>
UNITED STATES DISTRICT JUDGE